**KILPATRICK TOWNSEND & STOCKTON LLP**
Lisa Pearson (LP 4916)
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700

Laura Miller (NC 34013)
(*Pro hac vice* admission to be submitted)
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLUE STAR CLOTHING CO., INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>DOUBLE DRAGON INTERNATIONAL, INC. d/b/a "DDI, INC." and "BACKYARD EXPRESSIONS",<br><br>    Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Blue Star Clothing Co., Inc. ("Plaintiff" or "Blue Star"), states the following for its complaint against Defendant Double Dragon International, Inc. d/b/a "DDI, Inc." and "Backyard Expressions" ("Defendant").

## SUBSTANCE OF THE ACTION

1. Defendant has, without authorization, used images of Plaintiff's hammocks and point of sale materials to lure customers into purchasing Defendant's competing and different hammocks, depriving Plaintiff of sales to which it would otherwise be entitled

and misleading consumers as to the products they have purchased.

2. This is an action for unfair competition and false advertising arising under Section 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*; unfair competition arising under the common law of the State of New York; and unfair and deceptive trade practices under New York law, N.Y. GEN. BUS. LAW § 349, all arising out of Defendant's use of images of Plaintiff's hammocks, shown immediately below, in Defendant's sales materials in order to sell Defendant's hammocks.



Item #: 912352-Single / 912353-Double
Description: Single Person Hammock in a Bag
UPC #: 681129123520
Product Size: 78"x32"
40' FL Qty: 9000 / 4404
Cube: 0.2
Weight (lbs.): 1.8
Case Qty: 24 Port: Ningbo

**Plaintiff's Image and Products Shown in Defendant's Sales Materials**

3. Plaintiff therefore seeks permanent injunctive relief; an accounting and award of Defendant's profits; compensatory damages including Plaintiff's lost profits; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Blue Star Clothing Co., Inc., is a New York corporation with a principal place of business at 1370 Broadway, 6th Floor, New York, New York, 10018.

5. On information and belief, Defendant Double Dragon International, Inc. is an Iowa corporation with a principal place of business at 7425 Chavenelle Road, Suite #100, Dubuque, Iowa. On information and belief, Double Dragon International, Inc., conducts business under the names "DDI, Inc." and "Backyard Expressions", among others.

6. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 28 U.S.C. § 1331, and section 39 of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because Defendant does business in New York and within this judicial district. On information and belief, Defendant has imported, distributed, offered for sale, sold, or shipped merchandise to persons within this State and this District and has otherwise made or established contacts within this State sufficient to permit the exercise of personal jurisdiction over Defendant.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because Defendant does business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

9. This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTS AND DEFENDANT'S UNLAWFUL CONDUCT

10. Plaintiff designs and produces, among other things, home and travel goods that are sold through retailers throughout the United States.

11. Among Plaintiff's products are fabric hammocks sold in cylindrical fabric bags, as shown below.



12. Defendant also offers for sale and has sold similar fabric hammocks that are also sold in cylindrical fabric bags, as shown below.



13.     Rather than using photographs of its own products in its sales materials, Defendant has used and continues to use images of Plaintiff's hammocks, in interstate commerce, in its catalogs to sell Defendant's hammocks.  True and correct copies of Defendant's catalog pages showing images of Plaintiff's products used to sell Defendant's products are annexed to this Complaint as **Exhibit A**.

14.     Although Defendant uses images of Plaintiff's products to solicit orders for hammocks, Defendant instead ships its own hammock to fulfill the order instead of the Plaintiff's hammock depicted in images it used to solicit the order in the first place.

15.     Defendant has and continues to pass off its goods as those of Plaintiff's by using images of Plaintiff's products in commercial advertising and promotion to sell its own competitive hammocks.

16.     Defendant has used and continues to use images of Plaintiff's products in commercial advertising and promotion to misrepresent the nature, characteristics and qualities of Defendant's products, which are not authorized or approved by Plaintiff and are not subject to its quality control.

17.     Defendant's bait and switch marketing of its products is harming customers because customers believe they are purchasing Plaintiff's products when, in fact, they are purchasing Defendant's products.

18.     Defendant's bait and switch marketing of its products is harming Plaintiff in that Plaintiff is losing sales to which it would otherwise be entitled because Defendant

5

dupes customers seeking to purchase the products pictured in Defendant's catalog, which are Plaintiff's products, into purchasing Defendant's products instead.

19. Defendant's conduct is likely to deceive, confuse, and mislead prospective buyers and buyers into believing that Defendant's hammocks are approved or sponsored by Plaintiff when in fact they are not. The likelihood of confusion, mistake, and deception engendered by Defendant's conduct is causing irreparable harm to Plaintiff.

20. By causing such a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm to Plaintiff's goodwill. Buyers and prospective buyers viewing Defendant's advertisements featuring Plaintiff's products and perceiving a defect, lack of quality, or any impropriety are likely to mistakenly attribute them to Plaintiff.

21. Upon information and belief, Defendant's conduct is ongoing.

22. Defendant's conduct is intentionally fraudulent, willful, and wanton, and has been undertaken with full knowledge of Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. 1125(a)(1)(A))**

23. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

24. Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A), by using images of Plaintiff's products to sell Defendant's

competitive products, which has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are the same as Plaintiff's, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

25.     Defendant's conduct is intentional and willful and intended to reap the benefit of the goodwill of Plaintiff to the great and irreparable injury of Plaintiff, for which Plaintiff has no adequate remedy at law.

26.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's damages including Plaintiff's lost profits, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## SECOND CLAIM FOR RELIEF
## FEDERAL FALSE ADVERTISING
## (15 U.S.C. 1125(a)(1)(B))

27.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

28.     By using photographs and images of Plaintiff's products in commercial advertising to sell its own products, Defendant has misrepresented and continues to misrepresent, in commercial advertising or promotion, the nature, characteristics and

qualities of its goods in violation of Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

29. Defendant's products are not authorized by Plaintiff and are not subject to its quality control. On information and belief, Defendant's products are materially different from Plaintiff's products.

30. Defendant's conduct is intentional and willful and intended to reap the benefit of the goodwill of Plaintiff to the great and irreparable injury of Plaintiff, for which Plaintiff has no adequate remedy at law.

31. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's damages including Plaintiff's lost profits, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

32. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

33. By using photographs and images of Plaintiff's products to sell its own products, Defendant is making false designations of origin and false descriptions or representations that Defendant's hammocks originate from, or are offered, sponsored, authorized, licensed by or otherwise somehow connected with Plaintiff, when such is not

the case. As a result of Defendant's conduct, the public is likely to believe that Defendant's goods have been manufactured and/or approved by Plaintiff.

34. Defendant's unauthorized use of photographs and images of Plaintiff's products falsely represents Defendant's products as emanating from or being authorized by Plaintiff.

35. Defendant's conduct constitutes common law unfair competition.

36. In addition, Defendant has been unjustly enriched by reason of its unfair competition in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

37. Unless enjoined by this Court, Defendant's unfair competition will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation, and goodwill.

## FOURTH CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## (N.Y. GEN. BUS. LAW § 349)

38. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

39. Defendant's conduct as alleged above is in commerce and affects commerce in the State of New York.

40. Defendant's conduct as alleged above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.Y. GEN. BUS. Law § 349 (McKinney 1988).

41. The public is likely to be damaged as a result of Defendant's deceptive trade practices or acts.

42. Defendant's unfair methods of competition and its unfair and deceptive trade practices as alleged herein have injured Plaintiff in that Plaintiff has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct.

43. In addition, Defendant has been unjustly enriched by reason of its unfair competition and false advertising in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

44. Defendant has willfully engaged in the acts and practices alleged above, justifying an award of attorneys' fees to Plaintiff pursuant to N.Y. GEN. BUS. Law § 349 (McKinney 1988).

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

1. That Defendant and its employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, be permanently enjoined from:

   a) imitating, copying, or making unauthorized use of Plaintiff's products or images thereof in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of Defendant's products in a

manner likely to create confusion as to the source, nature, qualities or characteristics of Defendant's products or to pass Defendant's products off as Plaintiff's products or otherwise to confuse or mislead the public;

      b) selling, offering for sale, advertising, promoting, or displaying Plaintiff's products in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of Defendant's products in a manner likely to create confusion as to the source, nature, qualities or characteristics of Defendant's products or to pass Defendant's products off as Plaintiff's products or otherwise to confuse or mislead the public;

      c) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

      d) engaging in any other activity constituting unfair competition with Plaintiff; and

      e) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

2. Directing that Defendant account for and pay over to Plaintiff all profits realized by Defendant or lost by Plaintiff as a result of Defendant's unfair competition and false advertising.

3. Requiring Defendant to account for and pay over to Plaintiff three times the profits realized by Defendant from its unfair competition with Plaintiff.

4. Awarding Plaintiff its damages including Plaintiff's lost profits and/or Defendant's profits, trebled pursuant to 15 U.S.C. § 1117, arising out of Defendant's acts of willful unfair competition.

5. Awarding Plaintiff punitive damages.

6. Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

7. Awarding to Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and N.Y. GEN. BUS. Law § 349.

8. Awarding Plaintiff exemplary and punitive damages to deter any future willful unfair competition and false advertising as the Court finds appropriate.

9. Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

10. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: October 5, 2016

**KILPATRICK TOWNSEND & STOCKTON LLP**

/s/Lisa Pearson
Lisa Pearson (LP 4916)
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700

Laura Miller (NC 34013)
(*Pro hac vice* admission to be submitted)
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7466

*Attorneys for Plaintiff*
*Blue Star Clothing Co., Inc.*